UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DENARD LEE,

                         Plaintiff,

                                                      CIVIL CASE NO. 05-40150

v.

CITY OF TAYLOR, et al.,                     HONORABLE PAUL V. GADOLA
                                                               U.S. DISTRICT COURT

                         Defendants.
_____/

## ORDER GRANTING DEFENDANT WAYNE COUNTY'S UNOPPOSED COMBINED MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

      Before the Court is Defendant Wayne County's combined motion to dismiss and motion for summary judgment, filed on August 29, 2005. The proof of service for Defendant's motion indicates that it was served on Plaintiff on the same day. Plaintiff has not filed a response opposing the motion. Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available." E.D. Mich. Local R. 7.1(b) (emphasis added). Local R. 7.1(d)(1)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. Local R. 7.1(d)(1)(B). Accordingly, the response to this motion was due on approximately September 22, 2005. *See* Fed. R. Civ. P. 6(e). Since no response has been filed, the motion is unopposed.

      The Court, having reviewed the filings in this case and the applicable law, will grant Defendant's motion for the reasons stated in Defendant's brief. Plaintiff has one claim against Defendant Wayne County open in this Court: that Defendant violated Plaintiff's rights under 42

U.S.C. § 1983, which is Count III of the complaint. The Court finds that Plaintiff has failed to plead a "policy" or "wrongdoing" on the part of Defendant, requirements necessary for a proper section 1983 claim as set out in the cases *Monell v. Department Of Social Services*, 436 U.S. 658 (1978) and *Canton v. Harris*, 489 U.S. 378 (1989). The Court also finds that the Wayne County prosecutor is entitled to immunity from civil 1983 suits, and has the discretion to decide whether to initiate criminal charges. The Court concludes that, with regard to Count III of Plaintiff's complaint and Defendant Wayne County, Plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Because Defendant's combined motion is granted pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court will not consider the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Wayne County's motion [docket entry 21] is **GRANTED**, Plaintiff's claim against Defendant Wayne County is **DISMISSED**, and Defendant Wayne County is **DISMISSED** from this action.

**SO ORDERED.**

Dated:  October 19, 2005                               s/Paul V. Gadola
                                                       HONORABLE PAUL V. GADOLA
                                                       UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 20, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                         Christina A. Daskas                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:      Walid Y. Fakhoury; Gina U. Puzzuoli              .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845